**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hugo Israel ZACARIAS–CARBAJAL,
Defendant–Appellant.**

No. 04–40110.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 18, 2004.

Mitchel Neurock, Laredo, TX, James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Norman E. McInnis, Assistant Federal Public Defender, Molly E. Odom, Houston, TX, for Defendant–Appellant.

---

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Hugo Israel Zacarias–Carbajal appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Zacarias–Carbajal contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He therefore argues that his conviction must be reduced to one under the lesser included offense found in 8 U.S.C. § 1326(a), his judgment must be reformed to reflect a conviction only under that provision, and his sentence must be vacated and the case remanded for resentencing to no more than two years' imprisonment and one year of supervised release.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Zacarias–Carbajal acknowledges that his arguments are foreclosed by *Almendarez–Torres,* but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

---

120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be